**FORRESTER & WORTH, PLLC**
2800 NORTH CENTRAL AVENUE, SUITE 1200
PHOENIX, ARIZONA 85004
602.258.2729 — MAIN
JOHN R. WORTH (012950)
S. CARY FORRESTER (006342)
BYRON H. FORRESTER (033877)
JRW@FORRESTERANDWORTH.COM
SCF@FORRESTERANDWORTH.COM
BHF@FORRESTERANDWORTH.COM

ATTORNEYS FOR PHILIP AND CORINNE BRAILSFORD

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF ARIZONA

| | |
|---|---|
| **In re:** <br><br> **PHILIP MITCHELL BRAILSFORD AND CORINNE ELIZABETH BRAILSFORD,** <br><br> Debtors. | Chapter 7 <br><br> Case No. 2:19-bk-00802-BKM <br><br> **BRIEF ON ABSTENTION** |

On September 5, 2019, this Court heard oral argument on the Brailsfords' Motion to Strike [DE 9]. At the hearing, the Court discussed the pending matters before Judge Snow in District Court, as well as the Court's inability to hear personal injury tort claims under 28 U.S.C. § 157(b)(2)(B). [DE 17]. The Court also acknowledged the *Request for Stay of Adversary Proceeding and Relief from Bankruptcy Stay to Adjudicate § 1983, Wrongful Death and Personal Injury Claims in Currently Pending District Court Action* (the **"Stay Lift Motion"**) [DE 35] filed by the Sweet Plaintiffs the morning of September 5, 2019. The Court stated at the hearing and in its minute entry that it did not make sense to resolve the Motion to Strike at that time, and it would instead set a briefing schedule for the Stay Lift Motion, the

Motion to Strike, and the Brailsfords' Motions for Sanctions also pending before the Court.

On November 26, 2019, the Court heard argument on the Stay Lift Motion and the Motions for Sanctions. [DE 48]. At the hearing, the Court explained that it was going to treat the Stay Lift Motion as a motion for abstention, and that it was inclined to abstain from hearing the personal injury tort claims, and stay the non-discharge claim under 11 U.S.C. § 523(a)(6). Because the Brailsfords had not had a chance to consider or brief the issue of abstention, the Court ordered the Brailsfords to file a brief. The Brailsfords' brief on abstention follows.

**MEMORANDUM**

There are two types of abstention described in the Bankruptcy Code and relevant jurisdictional statutes, neither of which are applicable here. The first involves a court's abstention from an entire proceeding under Title 11 and is detailed in 11 U.S.C. § 305. The second involves abstention from a particular adversary proceeding and is described in 28 U.S.C. § 1334(c). Under section 305, the court ". . . may dismiss a case under this title, or may suspend all proceedings in a case under this title," if it; 1) would best serve the interests of creditors and the debtor; or 2) a petition under 11 U.S.C. § 1515 has been granted and the purposes of title 11 chapter 15 would be best served by dismissal or suspension. Neither of these circumstances apply here. Further, as the United States Bankruptcy Court for the Eastern District of Michigan explained in *Zack v. U.S.*, "[s]ections 304 and 305 apply when the bankruptcy court is deciding whether or not to dismiss an *entire* bankruptcy case, not where, as here, the court is deciding whether or not

to abstain from an *adversary proceeding*."[1] *Collier on Bankruptcy* further explains, "[i]f a party wishes the bankruptcy court to abstain from a particular adversary proceeding, section 1334(c) is the proper vehicle; if it seeks suspension of all proceedings within a case, section 305(a) should be invoked."[2]

A bankruptcy court may abstain from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11 under 28 U.S.C. § 1334(c). Section 1334(c)(1) deals with permissive abstention, while § 1334(c)(2) deals with mandatory abstention. Under (c)(1), a court may abstain from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11 "in the interest of justice, or in the interest of comity with State courts or respect for State law."

For a court to abstain under § 1334(c)(2), first, a party must timely file a motion. No such motion has been filed, and the Stay Lift Motion does not request abstention. The Stay Lift Motion mentions the term once, in the following quotation from *Collier on Bankruptcy*: "it is not unheard of for the bankruptcy court to abstain from hearing the liability phase of a discharge trial, instead directing that it be heard in state court, reserving for itself the determination of whether any liability found to exist is dischargeable."[3] Note that under this circumstance, the bankruptcy court is hypothetically abstaining in favor of the *state court*, not the district court. This distinction is important in analyzing the next requirement of the statute.

---

[1] 224 B.R. 601, 605 (E.D. Mich. 1998).
[2] 2 COLLIER ON BANKRUPTCY, ¶ 305.01[1] Alan N. Resnick & Henry J. Sommer eds., (16th Ed.).
[3] *See* DE 35 at p. 14, ln. 25-28 *quoting* COLLIER ON BANKRUPTCY, ¶ 3.05[1] (Rev. 15th Ed. 2007).

Assuming that the re-characterized Stay Lift Motion fulfills the first requirement of § 1334(c)(2), the statute next requires the existence of a proceeding based upon a state law claim or state law cause of action, which is related to or arises from title 11 or a case under title 11, which could not have been commenced in federal court absent jurisdiction under 28 U.S.C. § 1334. If such a proceeding exists, and can be timely adjudicated, the district court shall abstain in favor of the *state forum*. Here, while there may be state law claims pending in the district court, there is no state forum for the district or bankruptcy court to abstain in favor of. This issue has been addressed and clarified by the 9th Circuit in *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*:

> Abstention can exist only where there is a parallel proceeding ***in state court***. That is, inherent in the concept of abstention is the presence of a pendent ***state action*** in favor of which the federal court must, or may, abstain. *See, e.g., In re S.G. Phillips Constrs., Inc.*, 45 F.3d 702, 708 (2d Cir.1995) (including as a requirement for mandatory abstention the presence of a previously commenced state action); *In re Tucson Estates*, 912 F.2d 1162, 1167 (9th Cir.1990) (recognizing as a factor for permissive abstention the presence of a related proceeding commenced in state court or other nonbankruptcy court).[4]

So, the 9th Circuit has made clear that for both permissive and mandatory abstention under 11 U.S.C. § 1334(c), there must be a pending state court proceeding. Here, no such proceeding exists. Therefore, abstention is not an

---

[4] 124 F.3d 999, 1009 (9th Cir. 1997)(emphasis added).

appropriate mechanism to relocate the issues raised in the adversary proceeding to the district court.

**CONCLUSION**

The appropriate mechanism to relocate the adversary proceeding to the district court is a motion to withdraw the reference. In its minute entry dated September 5, 2019 [DE 17], the Court suggested, ". . . a party may file a motion to withdraw the reference," and in the Brailsfords' Response to the Stay Lift Motion, the Brailsfords explained that such a motion would need to be filed in the bankruptcy proceeding and heard by the district court under Bankruptcy Rule 5011.[5] (If such a motion were filed, then of course, the Brailsfords would have an opportunity to respond). Despite this information being readily available to the Sweet Plaintiffs, they have not filed such a motion. Instead, they have spent the past three months wasting time and money litigating whether or not a non-existent automatic stay should be lifted. In much the same way that a non-existent stay cannot be lifted, the Court cannot abstain in favor of a state court proceeding that does not exist. If the Sweet Plaintiffs cannot implement the procedurally appropriate mechanism for moving their lawsuit to the district court, the lawsuit

---

[5] Note that under Local Rule 5011-1(b), a judge may also recommend to the District Court that a case or proceeding be withdrawn under 28 U.S.C. § 157(d). That being the case, the Brailsfords do not want the adversary proceeding withdrawn. Ultimately, the decision to withdraw rests with the District Court, which further demonstrates why abstention cannot apply here. It would allow an end-run around the District Court's authority to decide which cases it hears and which remain with the bankruptcy court.

should instead proceed in bankruptcy court where it was filed. To go forward, the Brailsfords need a ruling on their Motion to Strike.

Dated December 6, 2019.

**FORRESTER & WORTH, PLLC**

\_\_/s/ JRW (012950)_____
John R. Worth
S. Cary Forrester
Byron H. Forrester
*Attorneys for Philip and Corinne Brailsford*

Copy of the foregoing emailed on
December 6, 2019, to the following:

Alan S. Baskin
William A. Richards
Shayna Stuart
Baskin Richards PLC
2901 N. Central Ave., Ste. 1150
Phoenix, AZ 85012
alan@baskinrichards.com
brichards@baskinrichards.com
sstuart@baskinrichards.com

Nathan Finch
Catalyst Legal Group PLLC
1820 E. Ray Rd.
Chandler, AZ 85225
nathan@catalyst.lawyer
*Attorneys for Debtors*

Maureen Gaughan
P.O. Box 6729
Chandler, AZ 85246
maureen@mgaughan.com
*Chapter 7 Trustee*


U.S. TRUSTEE
USTPRegion14.PX.ECF@USDOJ.GOV

Daniel J. O'Connor, Jr.
O'Connor & Dyet, P.C.
7955 South Priest Drive
Tempe, Arizona 85284
daniel.oconnor@occlaw.com


 */s/ Matthew D. Burns*
Matthew D. Burns, CP