1  William A. Richards #013381
2  Alan S. Baskin #013155
   Shayna G. Stuart #034819
3  **BASKIN RICHARDS PLC**
4  2901 N. Central Avenue, Suite 1150
   Phoenix, Arizona 85012
5  Telephone No. 602-812-7979
   Facsímile No. 602-595-7800
6  E-mail:  brichards@baskinrichards.com
7           alan@baskinrichards.com
           sstuart@baskinrichards.com
8  *Attorneys for Creditor Laney Sweet, an individual,*
   *on her own behalf and as guardian of E.S. and N.S.,*
9  *and as representative of the Estate of Daniel Shaver*

10

11              **UNITED STATES BANKRUPTCY COURT**

12               **FOR THE DISTRICT OF ARIZONA**

13  | In re: | In Proceedings Under Chapter 7 |

14  Philip Mitchell Brailsford       Case No.  2:19-bk-00802-BKM
15  Corinne Elizabeth Brailsford

16                          Debtors.    Adversary Proceeding No.:  2:19-AP-
                                        00171-BKM

17                                      **THE SWEET PLAINTIFFS' MOTION**
18                                      **TO WITHDRAW THE REFERENCE**
                                        **OF ADVERSARY PROCEEDING TO**
19                                      **ALLOW CLAIMS TO PROCEED IN**
                                        **DISTRICT COURT CASE NO.**
20                                      **CV-17-00152-PHX-GMS**[1]

21

22                                      **(Oral Argument Requested)**

23          Plaintiffs/Creditors Laney Sweet, for herself and as personal representative of the Estate

24  of her late husband, Daniel Shaver, and as guardian of her minor children, N.S. and E.S.

25  (collectively, the "Sweet Plaintiffs") respectfully submit this motion to withdraw the reference

26  of jurisdiction for the adjudication and liquidation of their claims against Defendants/Debtors

27  _____
28  [1]  The Sweet Plaintiffs have filed this Motion with the Bankruptcy Court Clerk pursuant to
    Local Rules of Bankruptcy Procedure for the District of Arizona, Rule 5011-1, though they
    recognize the Clerk shall transmit the Motion to the Clerk of the U.S. District Court for the
    District of Arizona for resolution by Judge Snow in Case No. CV-17-00152-PHX-GMS.

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

Philip Mitchell Brailsford and Corinne Elizabeth Brailsford ("Debtor Defendants") as preserved in their adversary proceeding filed in this case (Adversary Proceeding No. 2:19-AP-00171-BKM (the "Adversary Proceeding")) pursuant to 28 U.S.C.S. § 157(b),(d) and Federal Rule of Bankruptcy Procedure 5011. The withdrawal will allow the Sweet Plaintiffs' pre-existing federal and state constitutional and state law tort claims against the Debtor Defendants to be fully adjudicated and liquidated in their earlier, pre-bankruptcy tort action in U.S. District Court for the District of Arizona before the Honorable Murray Snow, Case No. CV-17-00152-PHX-GMS (the "District Court Lawsuit").

Because the Sweet Plaintiffs' claims against the Debtor Defendants involve personal injury claims to which the plaintiffs are entitled to a jury trial and which also require resolution of complex non-bankruptcy federal law for claims under 42 U.S.C. § 1983, withdrawal of the reference is mandatory per 28 U.S.C. §§ 157(b)(5) and 157(d). And, even if withdrawal were not mandatory, the Court should exercise its discretion under 28 U.S.C. § 157(d) to withdraw the reference because the willful and malicious injury variant of the Sweet Plaintiffs' claims which are the subject of the Adversary Proceeding entirely overlap with the non-willful and malicious variant of those claims that are presently pending and awaiting trial in the Federal District Lawsuit so that the Sweet Plaintiffs can enforce their right to recovery against indemnitors and insurers of the Debtor Defendants. To avoid wasteful, duplicative proceedings, end the risk of inconsistent outcomes, achieve judicial efficiency, ensure maximum time and resource efficiency for the parties, and protect the Sweet Plaintiffs' rights to a jury trial on all their claims against the Debtor Defendants, the Court has compelling good cause sufficient to justify withdrawal of the reference under Section 157(d).

## I. The Procedural History.

### A. The District Court Lawsuit.

The Sweet Plaintiffs filed the District Court Lawsuit long before the Debtor Defendants filed their bankruptcy proceeding on January 24, 2019. The District Court Lawsuit seeks relief against the Debtor Defendants under various civil theories, including state law claims by the Plaintiffs for wrongful death under A.R.S. § 12-611, *et seq.*, and claims by Plaintiffs for

constitutional rights violations under 42 U.S.C. § 1983. The Plaintiffs claims arise out of the wrongful, fatal shooting of Daniel Shaver by Debtor Defendant Philip Mitchell Brailsford who was operating as a Mesa Police Department Officer in January, 2016.

**B.    The Bankruptcy Adversary Proceeding.**

After the Debtor Defendants filed their bankruptcy action, and before the Bankruptcy Court issued its discharge order in that action on May 6, 2019, the Sweet Plaintiffs filed an adversary complaint with the Bankruptcy Court asserting the same type of wrongful death and Section 1983 claims they filed against the Debtor Defendants in the Federal District Lawsuit. [Doc. 1 in Case 2:19-AP-00171-BKM (filed April 26, 2019)]. This resulted in creation of the Adversary Proceeding. The Sweet Plaintiffs assert that their claims against the Debtor Defendants as pled in the District Court Lawsuit were capable of being proven both (1) with less than the proof of willful and malicious injury required to make the resulting liability non-dischargeable per 11 U.S.C.S. § 523(a)(6), and, (2) alternatively, with sufficient proof of willful and malicious injury to make the resulting liability non-dischargeable under 11 U.S.C.S. § 523(a)(6). Their Adversary Proceeding seeks a determination that the liability of the Debtor Defendants arising from the willful and malicious injury variant of the Sweet Plaintiffs' claims are non-dischargeable per 11 U.S.C.S. § 523(a)(6). The filing of the Adversary Proceeding was required per Rule 7001, Fed.R.Bankr.P. to preserve the Sweet Plaintiffs' arguments that the liabilities created by the willful and malicious injury variant of their claims against the Debtor Defendants are non-dischargeable. Because the underlying claims have not been fully adjudicated in any court, and the Debtor Defendants' liability is fundamental to the non-dischargeability analysis, the Adversary Proceeding currently requires the liability determination for the claims in their willful and malicious injury forms.

**C.    The Existing Pursuit of the Discharged Variant of the Sweet Plaintiffs' Claims in the District Court Lawsuit.**

To the extent the dischargeable, non-willful and malicious injury variants of the Plaintiffs' claims that were filed in the District Court Lawsuit were subject to the discharge order in this bankruptcy proceeding, 11 U.S.C. § 524(e) grants the Sweet Plaintiffs a right to

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

continue to pursue any such discharged claims in the District Court Lawsuit for the limited purpose of establishing liability needed to collect from any insurance policy/indemnification agreements that may cover the debtors' conduct. *See In re Walker*, 927 F.2d 1138, 142 (10th Cir. 1991) (11 U.S.C.S. § 524(e) "permits a creditor to bring or continue an action directly against the debtor for the purpose of establishing the debtor's liability when . . . establishment of that liability is a prerequisite to recovery from another entity."); *Houston v. Edgeworth (In re Edgeworth)*, 993 F.2d 51, 54-55 (5th Cir. 1993); *see also, Green v. Welsh*, 956 F.2d 30, 33-34 (2d Cir. 1992); 3 R. Babitt, A. Herzog, R. Mabey, H. Novikoff, & M. Sheinfeld, *Collier on Bankruptcy* para. 524.01 at 524-16 (15th ed.1987). The injunction resulting from the Bankruptcy Court's discharge order does not prohibit the District Court Lawsuit claims from proceeding to adjudication and liquidation before the District Court in that form. *See In re Beeney*, 142 B.R. 360 (B.A.P. 9th Cir. 1992); *In re Jet Florida Systems, Inc.,* 883 F.2d 970, 976 (11th Cir. 1989); *First Fid. Bank v. McAteer*, 985 F.2d 114, 118 (3d Cir. 1993) ("Courts, relying on 11 U.S.C.S. § 524(e), have allowed claimants to proceed with tort claims against the debtor for the purpose of collecting from the debtor's liability insurer."); *In re Walker*, 927 F.2d 1138, 1142 (10th Cir. 1991) (same); *In re Greenway,* 126 Bankr. 253, 255 (Bankr. E.D. Tex. 1991) (same); *In re Peterson,* 118 Bankr. 801, 804 (Bankr. D.N.M. 1990) (same); *In re Lembke,* 93 Bankr. 701, 702-03 (Bankr. D.N.D. 1988) (same); *In re Mann,* 58 Bankr. 953, 959 (Bankr. W.D. Va. 1986) (same). The Sweet Plaintiffs filed notice in the District Court Lawsuit on September 11, 2019, of their intent to pursue those variants their claims against the Debtor Defendants to adjudication and liquidation. [*See* Doc. No. 347, District Court Lawsuit]. Thus, the Sweet Plaintiffs' claims against the Debtor Defendants are already proceeding to trial in their discharged forms in the Federal District Lawsuit.

### D. The Most Efficient and Appropriate Adjudication and Liquidation of the Sweet Plaintiffs' Non-dischargeable Claims Would Occur in the District Court Lawsuit.

Also still pending in the District Court Lawsuit are parallel claims by the Sweet Plaintiffs against five other current and former Mesa Police Department officers who were part of the reaction team that converged on Daniel Shaver with Debtor Defendant Brailsford, along with

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

the City of Mesa (collectively, the "Non-Debtor Defendants"). Moreover, on June 23, 2017, the District Court consolidated the Sweet Plaintiffs' claims with similar claims that had been filed by Daniel Shaver's surviving parents, Grady and Norma Shaver (the "Shaver Plaintiffs") against the Debtor Defendants and other Non-Debtor Defendants in a separate District of Arizona action (Case No. 2:17-cv-00715-GMS). [*See* Doc. 43, District Court Lawsuit]. The Shaver Plaintiffs did not preserve any claim to non-dischargeability against the Debtor Defendants, but have advised the parties and District Court of their intent to similarly proceed on their claims against the Debtor Defendants for the limited purpose of enforcing any right to recovery against the City of Mesa as indemnitor. [*See* Doc. 334, District Court Lawsuit].

During pre-bankruptcy proceedings in the District Court to which the Debtor Defendants were active parties, the District Court considered objections by the Debtor Defendants to the Sweet Plaintiffs' request to amend their complaint [*See* Doc. 34, District Court Lawsuit]. And, the District Court considered motions to dismiss by the Debtor Defendants. [*See* Docs. 78, 82, 84, 137 (Order), District Court Lawsuit]. The District Court also similarly considered motions to dismiss by the other Non-Debtor Defendants – some of which the Debtor Defendants had joined. [*See* District Court Lawsuit Docs. 77, 78, 81, 82 (includes joinder by Debtor/Defendants), 83, 84 (includes joinder)].

Also, long before the Debtor Defendants sought bankruptcy protection, the District Court considered and decided a motion to stay discovery by a co-defendant of the Debtor Defendants (Mr. Langley) who ultimately filed an interlocutory appeal with the Ninth Circuit of the District Court's ruling on his qualified immunity argument. Subsequently, and again well before the Debtor Defendants filed their bankruptcy petition, the Debtor Defendants and the Sweet Plaintiffs and Shaver Plaintiffs engaged in disclosure and discovery. The Debtor Defendants even served their own Third Supplemental Disclosure containing reports of two purported expert witnesses just days before they filed their bankruptcy petition. [*See* Ex. A (copy of Third Supplemental Disclosure)].

After the Debtor Defendants filed for bankruptcy protection, the District Court decided multiple party disputes over discovery issues, including denying the Non-Debtor Defendants'

motion to stay proceedings because of the Debtor Defendants' bankruptcy filing. And, the District Court has decided motions for summary judgment filed by all of the Non-Debtor Defendants. [*See* District Court Lawsuit Doc. 230 (ruling on summary judgment motions and motion to stay)]. Finally, in October, 2019, the parties in the District Court Lawsuit completed depositions of all individual defendants, of Ms. Sweet, and of various defense expert witnesses. The depositions included Debtor Defendant Philip Mitchell Brailsford who was deposed as a material witness regarding the claims made against other defendants. Defense counsel for Mr. Brailsford also attended every deposition, though counsel undersigned believes they did not participate in any active questioning.

For multiple reasons provided in this motion, the District Court, specifically Judge Snow, is far better equipped to adjudicate and liquidate the liability issues in the Sweet Plaintiffs' claims asserted against the Debtor Defendants in the Adversary Proceeding. Plus, the Sweet Plaintiffs are entitled to a jury trial on their claims against the Debtor Defendants, which the Bankruptcy Court proceeding will not provide. Once the Sweet Plaintiffs' claims have been liquidated and adjudicated through the District Court in conjunction with the District Court Lawsuit, then the Bankruptcy Court is an appropriate forum to resolve the bankruptcy issue of dischargeability of any debts established through the District Court adjudication. However, to allow the District Court to join and adjudicate the overlapping liability questions for all variants of the Sweet Plaintiffs' claims against the Debtor Defendants, the District Court must withdraw the reference of jurisdiction over the claims in the Adversary Proceeding.

## II. Withdrawal of the Reference is Mandatory for the Adjudication and Liquidation of the Sweet Plaintiffs' Personal Injury and Wrongful Death Claims.

The Sweet Plaintiffs do not dispute that the Bankruptcy Court maintains jurisdiction over the determination of the dischargeability of the Debtor Defendants' debts under 11 U.S.C.S. § 523(a)(6), and would be a proper forum for determining the dischargeability issues concerning the Sweet Plaintiffs' willful and malicious injury-based claims against the Debtor Defendants once the liability and damages aspects of those claims are fully adjudicated and liquidated. However, the Sweet Plaintiffs demand and have preserved their rights to a jury trial on their

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

claims against Debtor Defendants, and those claims seek damages for personal injury to the Sweet Plaintiffs under appropriate federal and state law theories. The Sweet Plaintiffs have not consented to a trial by jury of their claims before the Bankruptcy Court. Therefore, the Bankruptcy Court cannot conduct the jury trial to which the Sweet Plaintiffs remain entitled. *See e.g., Knupfer v. Lindblade (In re Dyer)*, 322 F.3d 1178, 1194 (9th Cir. 2003) (citing 28 U.S.C.S. § 157(e) ("[T]he bankruptcy court is unable to preside over a jury trial absent explicit consent from the parties and the district court."); *see also In re Cinematronics, Inc.,* 916 F.2d 1444, 1451 (9th Cir. 1990) (bankruptcy court cannot conduct jury trial in noncore proceedings); *Binder v. Price Waterhouse & Co., LLP (In re Resorts Int'l, Inc.)*, 372 F.3d 154, 161, 2004 U.S. App. LEXIS 12252, *14, 43 Bankr. Ct. Dec. 46.

The District Court must withdraw the reference to the Bankruptcy Court of the willful and malicious injury variant of the Sweet Plaintiffs' claims because the Sweet Plaintiffs assert causes of action for personal injury and wrongful death that have yet to be adjudicated or liquidated. 28 USCS § 157(b)(5) provides that "the district court ***shall*** order that personal injury tort and wrongful death claims ***shall be tried*** in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose." 28 USCS § 157(b)(5) (emphasis added); *see also In re City of San Bernardino*, Cal., 2015 U.S. Dist. LEXIS 152833, *9 (C.D. Cal. Nov. 10, 2015) ("personal injury tort and wrongful death claims" that arise in a bankruptcy proceeding ***must be tried*** before the District Court) (emphasis added); *Leatham v. Von Volkmar (In re Volkmar),* 217 B.R. 561, 565 (Bankr. N.D. Ill. 1998) ("[T]he plain language of 28 U.S.C.S § 157(b)(5) flatly prohibits a bankruptcy court from adjudicating and liquidating a personal injury claim even when brought within a dischargeability proceeding."); *In re Nifong,* 2008 Bankr. LEXIS 1608, *4-5, 60 Collier Bankr. Cas. 2d (MB) 55; *Williamson v. Patterson (In re Patterson),* 150 B.R. 367, 368 (E.D. Va. 1993) (trial of personal injury tort actions is required in the district court); *Anthony v. Baker (In re Baker),* 86 B.R. 234, 235 (D.Colo. 1988) (court withdrew reference in dischargeability action alleging § 1983 violation under § 157(d) while noting that withdrawal appeared mandatory under § 157(b)(5)). Here, even the Sweet Plaintiffs' claims under 42 U.S.C. § 1983 are categorized as "personal injury"

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

torts. Thus, for such tort claims, withdrawal of the reference and allowing proceedings on the underlying merits of the claims in the District Court is mandated by the bankruptcy statutes.

Illustrative of this point is *Estate of Horner v. Bailor*, 2019 U.S. Dist. LEXIS 47371, *3-4 (N.D. Cal. March 21, 2019). There, the bankruptcy court noted that "administration of this adversary proceeding [concerning a claim of personal injury tort or wrongful death] will require proceedings before the bankruptcy and district court" because "although the bankruptcy court possessed jurisdiction over the question of dischargeability, the liquidation of a wrongful death claim is a non-core matter that should be tried in the district court pursuant to 28 U.S.C. § 157(b)(2)(B) and (b)(5)." *Id.* at *4 (citing Dkt. No. 77-1, Ex. 2 at 2). Similar to *Estate of Horner*, the Sweet Plaintiffs' non-dischargeable causes of action against the Debtor Defendants are personal injury claims for wrongful death and deprivation of civil rights brought pursuant to 42 U.S.C. § 1983. Withdrawal of the reference is further mandatory under § 157(b) because the Sweet Plaintiffs' are entitled to have a jury adjudicate and liquidate their personal injury tort claims in the District Court, and the Bankruptcy Court lacks jurisdiction to conduct a jury trial on such claims. *Cf. In re Patterson,* 150 B.R. 367, 368 (E.D. Va. 1993) (withdrawing the reference after finding that the bankruptcy court did not have subject matter jurisdiction with respect to plaintiff's civil rights action brought pursuant to 42 U.S.C. § 1983).

What's more, federal courts hold that the mandatory withdrawal component of 28 U.S.C. § 157(d) *mandates* withdrawal in cases requiring material consideration of non-bankruptcy federal law, such as the complex civil rights issues raised by a police shooting case under 42 U.S.C. § 1983. *See* 28 U.S.C.S. § 157(d); *Walton v. AG Credit, ACA (In re Walton)*, 158 B.R. 939, 942 (Bankr. N.D. Ohio 1993) (holding that 28 U.S.C. § 157(d) made withdrawal of the reference mandatory for claims alleging due process, equal protection and discrimination claims under 42 U.S.C. § 1983 because they involved the reviewing court in addressing substantive civil rights issues (citing *Pereira v. New York Hotel and Motel Trades Council (In re Chadbourne Industries, Ltd.),* 100 Bankr. 663 (S.D.N.Y. 1989)); *In re Baker*, 86 B.R. 234, 238 (D. Colo. 1988) (holding that withdrawal of reference over adversary proceeding involving wrongful prosecution claim brought under 42 U.S.C. § 1983 "is mandatory under 28 U.S.C. §

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

157(d)."); *see also Sec. Farms v. Int'l Bhd. Of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1999) ("Thus, § 157(d) "*mandates* withdrawal in cases requiring material consideration of non-bankruptcy federal law.) (emphasis in original).; *Carmel v. Galam (In re Larry's Apt., L.L.C.)*, 210 B.R. 469, 472 (D. Ariz. 1997) (Section 157(d) provides for mandatory withdrawal if the proceeding requires consideration of both the Bankruptcy Code and other federal statutes). Applying the mandatory withdrawal component of Section 157(d) is especially appropriate in a case like this one which the District Court understands from the multiple motions to dismiss and summary judgment motions it has decided already require the Court to apply sophisticated, fact-driven Section 1983 law to questions of qualified immunity, individual liability, and employer liability. Where a bankruptcy court is required like that to engage in "something more than the mere process of examining, thinking about or taking into account" federal laws other than the Bankruptcy Code, withdrawal is mandated. *In re Horizon Air, Inc.*, 156 B.R. 369, 373 (N.D.N.Y. 1993).

Here the elements and merits of the Sweet Plaintiffs' claims against the Debtor Defendants derive largely from non-bankruptcy provisions of federal and state law, which predominate over the sole core bankruptcy issue for determination—dischargeability. Logic requires determination of the merits of the Sweet Plaintiffs' federal law claims before even reaching the determination of whether or not the claims are dischargeable. As noted in the many decisions cited above, such a determination on the merits requires District Court proceedings before a jury. Therefore, the Court must grant the Sweet Plaintiffs' Motion to Withdraw the Reference for the adjudication and liquidation of the Sweet Plaintiffs' willful and malicious injury variant of their claims that have been preserved in the Adversary Proceeding.

### III. If the Court finds Withdrawal is Not Mandatory, Substantial Cause Exists for the Court to Exercise Permissive Withdrawal.

Even if this Court finds that withdrawal is not *mandatory*, the Court still has the discretion to allow the Sweet Plaintiffs to proceed on their claims against the Debtor Defendants in the District Court Lawsuit upon a sufficient showing of "cause" for withdrawal of the reference. Under 28 U.S.C.S. § 157(d), "the district court may withdraw, in whole or in part any case proceeding referred under this section, on its own motion or on timely motion of any

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

party, for cause shown.". Although the Bankruptcy Code does not expressly define what constitutes "cause" under Section 157(d), to determine whether cause for such permissive withdrawal exists, a court "should first evaluate whether the claim is core or non-core." *In re City of San Bernardino*, Cal., 2015 U.S. Dist. LEXIS 152833, \*13-14 (citing *Temecula Valley Bancorp*, 523 B.R. at 214 (quoting *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993))). Other factors that the court considers include: (1) judicial economy; (2) uniform bankruptcy administration; (3) reduction of forum shopping; (4) economical use of debtors' and creditors['] resources; (5) expediting the bankruptcy process; and (6) the presence of a jury demand. *See Sec. Farms v. Int'l Bhd. Of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1999) (*citing In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993)). Here, the Sweet Plaintiffs have preserved and are legally entitled to a jury trial on personal injury-type claims that the Bankruptcy Court cannot provide. Moreover, the adjudication and liquidation of the Sweet Plaintiffs' claims against the Debtor Defendants involve a non-core proceeding whose separate processing through the Bankruptcy Court threatens both wasted duplication of efforts and resources, unjustified confusion of the issues and inconsistent outcomes, and delays that run counter to the system of orderly and prompt administration of justice our federal judicial system prizes.

### A. Withdrawal of the Reference is Necessary Because the Proceeding Requires Consideration of Non-Bankruptcy Law and Involves Non-Core Proceedings.

One of the most important of the factors that courts use in determining whether there is cause to withdraw the reference is whether the claims sought to be withdrawn are core or non-core. *See In re PW Supermarkets, Inc.*, 2015 WL 4456213 (USBC N.D. Cal. 2015). Claims that arise "under or in" the bankruptcy statutes "are deemed to be 'core' proceedings, while claims that are related to [the bankruptcy statutes] are 'noncore' proceedings." *Maitland v. Mitchell (In re Harris Pine Mills)*, 44 F.3d 1431, 1435 (9th Cir. 1995). A non-exhaustive list of core proceedings set out in 28 U.S.C. § 157(b)(2) specifically exempts "personal injury tort or wrongful death claims" against a bankruptcy estate in two provisions, § 157(b)(2)(B) (exempting "liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under Title 11"),

and § 157(b)(2)(O) (exempting "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, ***except personal injury tort or wrongful death claims***." (emphasis added)).  The statute's clear relegation of the type of tort personal injury and wrongful death claims at the heart of the Adversary Proceeding here to non-core status provides substantial cause for withdrawing the reference on adjudication and liquidation of such claims.  *See Rohr v. Northwestern Corp. (In re Northwestern Corp.)*, No. 03-12872 CGC, 04-110 JJF, 2004 U.S. Dist. LEXIS 7702, 2004 WL 1044421 (D. Del., April 29, 2004) (movant established sufficient cause to withdraw the reference from bankruptcy court in light of fact that section 157(b)(5) required personal injury tort claims to be resolved in district court).

Additionally, the Ninth Circuit has referenced several factors that may be useful in determining whether or not a matter is a core proceeding including "whether the rights involved exist independent of [the bankruptcy statutes], depend on state law for their resolution, existed prior to the filing of a bankruptcy petition, or were significantly affected by the filing of the bankruptcy case." *In re Cinematronics, Inc.*, 916 F.2d 1444, 1450 n.5 (9th Cir. 1990).  Applying those standards, the claims asserted by the Sweet Plaintiffs against the Debtor Defendants in the Adversary Proceeding constitute non-core proceedings.  Even the Sweet Plaintiffs' claims under Section 1983 for wrongful death and personal injury arise under separate sources of federal law that are reserved traditionally to the District Courts for resolution, and not under the Bankruptcy Code. Lastly, the Sweet Plaintiffs' claims exist independent of the bankruptcy statutes, and the Sweet Plaintiffs had proceeded against the Debtor Defendants and Non-Debtor Defendants for almost two years before the Debtor Defendants filed their bankruptcy petition. As such, the Court should find that the liability adjudication questions (as opposed to the dischargeability questions) in the Adversary Proceeding are wholly non-core matters, that such non-core matters predominate in the Adversary Proceeding, and that therefore cause exists to withdraw the reference on the liability adjudication questions. *See Veys v. Riske*, 2007 U.S. Dist. LEXIS 90623, *5, 2007 WL 4246172  ("Where noncore issues predominate, withdrawal may promote efficiency because a single proceeding in the district court could avoid

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

unnecessary costs implicated by the district court's de novo review of bankruptcy court determinations."); *In re Cinematronics, Inc.*, 916 F.2d 1444, 1451 (9th Cir. 1990) (because party had a right to a jury trial with regard to non-core proceedings, and because bankruptcy court lacked authority to conduct jury trials, district court's denial of motion to withdraw the reference was an abuse of discretion).

**B.    Withdrawal of the Reference is Necessary Because the Sweet Plaintiffs are Entitled to a Jury Trial.**

The Sweet Plaintiffs have a right to a jury trial on factual issues and causes of action asserted in their Adversary Complaint and preserved that right by filing their demand for a jury trial. [*See* Adversary Proceeding Doc. 13 (Sweet Plaintiffs' Demand for Jury Trial), District Court Lawsuit; and District Court Lawsuit Doc. 53 at ¶ 323 (demand for jury trial in District Court Lawsuit)]. This fact alone weighs heavily in favor of granting withdrawal.

Additionally, the Adversary Proceeding involves assertion by the Sweet Plaintiffs of multiple non-core causes of action arising under federal and state law. Given the defenses that have already been affirmatively asserted by the Debtor Defendants in answering the Sweet Plaintiffs' pleading in the District Court Lawsuit [*See* District Court Lawsuit Doc. 141 (Brailsfords' Answer)], and the positions taken by the Non-Debtor Defendants in their summary judgment motions, and in their depositions, there will likely be multiple contested issues of fact regarding whether Debtor Defendant Brailsford, along with the Non-Debtor Defendants, violated their known duties to protect Daniel Shaver, to not deploy deadly force against him, and to intervene when other officers took actions that endangered Daniel Shaver and/or made his wrongful shooting likely. Again, the Sweet Plaintiffs would be entitled to a jury trial on such disputed factual issues, which the Bankruptcy Court could not provide. *See e.g., Knupfer v. Lindblade* (*In re Dyer*), 322 F.3d 1178, 1194 (9th Cir. 2003) (citing 28 U.S.C. § 157(e) ("[T]he bankruptcy court is unable to preside over a jury trial absent explicit consent from the parties and the district court."); *see also In re Cinematronics*, *Inc.,* 916 F.2d 1444, 1451 (9th Cir. 1990) (bankruptcy court cannot conduct jury trial in noncore proceedings). The entitlement to a jury trial provides further "cause" for granting withdrawal of the reference.

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

**C.** **Withdrawal of the Reference is Necessary Because of the Overlapping Claims, Parties, Witnesses, and Evidence.**

The claims asserted in the Adversary Proceeding originated in the currently pending District Court Lawsuit and completely overlap with the non-willful and malicious injury variant of the claims the Sweet Plaintiffs plead against the Debtor Defendants in the District Court Lawsuit, and which remain pending there for trial so that the Sweet Plaintiffs may enforce their claims against any indemnitors or insurers of the Debtor Defendants. The claims subject to the Adversary Proceeding are also highly overlapping with the claims asserted by the Sweet Plaintiffs in the District Court Lawsuit against the five (5) other Non-Debtor individual Defendants (Messrs. Langley, Doane, Gomez, Cochran and Elmore) who were the other police officers on the team responsible for Daniel Shaver's killing, and against Defendant City of Mesa, who employed Debtor Defendant Philip Mitchell Brailsford and the others. Trying the claims in different courts and through different trials threatens again to nearly completely duplicate much trial time, witness testimony, and argument.

The District Court Lawsuit is also nearing completion, with depositions completed, the primary discovery period concluded, and only one round of short supplemental summary judgment arguments on completely new issues that may have been discovered in the depositions to occur. Then, the matter may proceed to trial. The Sweet Plaintiffs are already entitled to include in that trial their claims against the Debtor Defendants to the extent they seek adjudication and liquidation for enforcement against insurers or indemnitors of the Debtor Defendants. It makes no sense to put the willful and malicious injury variants of those same claims on an entirely separate track that would demand separate discovery, reopen expert disclosure deadlines that all parties – including the Debtor Defendants – already met, and possibly open reargument in a different forum of substantive dispositive motion issues that are already law of the case in the District Court Lawsuit – including those rulings that were made on the Debtor Defendants' motions to dismiss. Split proceedings threatens tremendous duplication of court and party efforts, prejudicial reopening of closed matters, and unnecessary delay in getting the Sweet Plaintiffs' entire set of claims to trial.

What's more, the facts, witnesses, and arguments to be presented and raised at trial are

things Judge Snow is already intimately familiar with through his active management of the District Court Lawsuit. Judge Snow has particular familiarity with the federal and state wrongful death and constitutional tort claims at issue in this case, the facts relevant to determining those claims, the Non-Debtor Defendants and witnesses involved in this case, and any of the issues that will be briefed, and already have been briefed, by the parties. Judge Snow's familiarity is particularly important given the complexity and interconnection of legal and factual issues that will be presented to the District Court in the underlying District Court Lawsuit in the Sweet Plaintiffs' case against the Non-Debtor Defendants, which will be exactly the same as or substantially overlapping with those presented against the Debtor Defendants. Where proceeding before the District Court offers efficiency benefits that the Bankruptcy Court cannot also offer, withdrawal of the reference is appropriate. *Cf. Innovasystems, Inc. v. Proveris Scientific Corporation*, 2013 WL 5539288 (U.S.D.C. Dist. NJ 2013).

Moreover, because the liability determinations for the claims asserted in the Adversary Proceeding do not arise under or implicate bankruptcy law, the Bankruptcy Court's expertise is not required until the claims have been adjudicated and liquidated. At that time, the Bankruptcy Court's expertise may be very helpful in determining the dischargeability of the Sweet Plaintiffs' claims. But for the current stage of the proceedings, delay in the withdrawal would only serve to force duplicative, inefficient and wasteful parallel efforts.

It would thus be highly inefficient, and even require illogical duplication of efforts, to try the same claims in two different proceedings. The resources of the federal courts would be illogically doubly taxed, as would the time and financial resources of all the parties in preparing for trial and presenting their cases. Avoiding such issues offers compelling reasons to withdraw the reference. *See In re Namazi*, 106 B.R. 93, 94-94 (V.E. Bankr. 1989) (the "distinct probability that the debtor would face similar litigation in the bankruptcy court to determine the dischargeability of the creditor's debt" weighed in favor of allowing the district court case to proceed against all defendants).

**D.    Withdrawing the Reference Eliminates the Risk of Inconsistent Liability Determinations.**

Allowing all variants of the Sweet Plaintiffs' claims against the Debtor Defendants to

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

proceed to a single trial before the District Court will also promote uniformity in liability determinations. Separate trials of the same claims in District Court and before the Bankruptcy Court creates the possibility of liability determinations that are inconsistent or, in fact, wholly contradictory. Such results could easily invoke post-verdict or post-judgment motions and appeals and review of the reasons for the disparate outcomes. And, disparate outcomes at the trial level risk disparate outcomes on the separate appeals that might result. Those risks further provide sufficient cause for withdrawal of the reference.

### E. The Balance of Prejudice Concerns Favors Withdrawing the Reference.

Withdrawal of the reference threatens no real prejudice to the Debtor Defendants, while failure to withdraw the reference promises substantial prejudice to the Sweet Plaintiffs.

The Sweet Plaintiffs filed their claims in the District Court Lawsuit long before the Debtor Defendants filed their bankruptcy proceeding. Indeed, the bankruptcy filing came after a formalized settlement agreement between the City of Mesa, which had fired Debtor Defendant Philip Mitchell Brailsford. That settlement allowed Mr. Brailsford to be re-employed for purposes of seeking long-term disability benefits, and promised him and his wife indemnification in return for cooperation with the City of Mesa's defense against the Sweet Plaintiffs. One might cynically view the Brailsfords' bankruptcy filing as partial fulfillment of that cooperation pledge, as it appears from statements made before the Bankruptcy Court that the payment of the Debtor Defendants' bankruptcy counsel is not coming from the Brailsfords, but from their defense counsel in the District Court Lawsuit, who is presumably being retained and paid by the City of Mesa or its insurer(s). Thus, there would be no prejudice to the Debtor Defendants to have them join the other Non-Debtor Defendants and their lawsuit insurer/funding source, the City of Mesa.

Moreover, until their bankruptcy filing, the Debtor Defendants were active participants in the pre-trial motion practice before Judge Snow. Matters proceeded in the District Court Lawsuit over the past several months through completion of the Non-Debtor Defendants' summary judgment motions. Thus, the Debtor Defendants have obtained a substantial

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

advantage in seeing how the Sweet Plaintiffs responded to the Non-Debtor Defendants' summary judgment motions, and in seeing how the District Court ruled on those arguments.

Counsel for the Debtor Defendants have also attended all the depositions in the District Court Lawsuit. They are not behind on information gathering. And, through their own discovery responses, expert reports, and motion arguments, the Debtor Defendants have committed themselves to facts and legal positions which, absent the possibility of a separate bankruptcy proceeding, they would be bound to like any other defendant. They should be given no option to reargue matters or stake new positions, even on discovery, in a separate proceeding.

On the Sweet Plaintiffs' side of the ledger, the costs of not withdrawing the reference for adjudication in the District Court Lawsuit are substantial. The Sweet Plaintiffs are heavily invested in the efforts undertaken to get their claims very near to the point of trial in the District Court Lawsuit. Restarting the case in the Bankruptcy Court would require not only the Bankruptcy Court to get up to speed on the actions previously taken by the parties, their respective prior positions, and the District Court's rulings on the Sweet Plaintiffs' claims, but would force the Sweet Plaintiffs to do much unnecessary repetitive disclosure, production and legal briefing in the Bankruptcy Court. And, such duplication and retreading old ground would delay resolution of the Sweet Plaintiffs' claims against the Debtor Defendants unnecessarily and prejudicially. As just one example, the Sweet Plaintiffs understand that the indemnity agreement the City of Mesa has given the Debtor Defendants has a hard cap and involves a "burning" type of indemnity obligation in which the money available is reduced by litigation defense expenditures along the way. Delay and unnecessary activities will reduce the potential monetary contribution the City of Mesa will be bound contractually to make toward paying off any judgment should the Sweet Plaintiffs prevail on their claims against the Debtor Defendants.

### F. Failure to Withdraw the Reference Encourages Wasteful and Prejudicial Gamesmanship.

It would foster dangerous and wasteful gamesmanship if this Court were to allow parties to actively participate in discovery and pre-trial proceedings in the District Court for over a year, leading to the very edge of trial, and then, through a bankruptcy filing, force non-dischargeable wrongful death and personal injury claims to restart or become disassociated

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

from the prior proceedings in which the debtor defendants had previously committed themselves to relevant facts, defenses and legal positions. It would especially encourage forum shopping, as here Judge Snow had long ago entered favorable rulings allowing much of the Sweet Plaintiffs' claims against the various defendants to proceed. Moreover, given all that has transpired in the District Court Lawsuit, most of which the Debtor Defendants participated actively in, achieving the cost, time and resources savings, and the efficiencies promised by a single trial proceeding, and avoiding the confusion, duplication of efforts and expense, and possibility of inconsistent verdicts and judgments that segregated discovery and trial proceedings before this Court threatens, requires this Court to allow the Sweet Plaintiffs' claims against the Debtor Defendants to proceed to trial in the District Court Lawsuit.

## IV. Conclusion.

Given all the foregoing, withdrawal of the reference is mandatory. And, even if were not, there are a plethora of reasons that cause exists to implement the Sweet Plaintiffs' requests for withdrawal of the reference so that the Sweet Plaintiffs' may proceed in the District Court Lawsuit with their claims against the Debtor Defendants.

The Sweet Plaintiffs respectfully request that the Court withdraw the reference in order to allow the District Court, specifically Judge Snow, to adjudicate and liquidate all variants of their Section 1983 personal injury and wrongful death claims along with their parallel claims against other non-debtor Defendants in the underlying District Court Lawsuit. Once the Sweet Plaintiffs claims have been adjudicated and liquidated, then the Bankruptcy Court is the appropriate forum to consider dischargeability of any resulting judgments.

RESPECTFULLY SUBMITTED this 13th of December, 2019.

BASKIN RICHARDS PLC


/s/ William A. Richards
William A. Richards
Alan S. Baskin
Shayna G. Stuart
2901 N. Central Avenue, Suite 1150
Phoenix, AZ 85012

BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone 602-812-7979
Facsimile 602-595-7800

**CERTIFICATE OF SERVICE**

I hereby certify that on December 13, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing to:

Nathan A. Finch
Catalyst Legal Group PLLC
1820 E. Ray Rd.
Chandler, AZ 85225
*Attorneys for Debtor Defendants Philip Mitchell Brailsford*
*and Corinne Brailsford*

John Worth
Forrester & Worth, PLLC
2800 N. Central Ave., Suite 1200
Phoenix, AZ 85004
*Attorneys for Brailsfords Philip Mitchell Brailsford*
*and Corinne Brailsford*

U.S. Trustee
Office of the U.S. Trustee
230 North First Avenue, Suite 204
Phoenix, AZ 85003


/s/ Cristina McDonald

# EXHIBIT A

1  Daniel J. O'Connor, Jr., Bar No. 010081
   Justin D. Holm, Bar No. 025202
2  **O'CONNOR & CAMPBELL, P.C.**
3  7955 South Priest Drive
   Tempe, Arizona  85284
4  daniel.oconnor@occlaw.com
5  justin.holm@occlaw.com
   (602) 241-7000
6
7  *Attorneys for Defendants Philip and Corrine Brailsford*

8           **IN THE UNITED STATES DISTRICT COURT**

9              **FOR THE DISTRICT OF ARIZONA**

10 | Laney Sweet, et al.,              | Case No.:  17-CV-00152-GMS
                                         **LEAD CASE**
11 |                     Plaintiffs,
12 |          vs.                        **CONSOLIDATED WITH:**
                                         Case No.: 17-cv-00715-GMS
13 | City of Mesa, et al.

14 |                     Defendants.     **DEFENDANTS PHILIP AND CORRINE**
15 |_____   **BRAILSFORD'S THIRD**
   | Grady Shaver, et al.,              **SUPPLEMENTAL RULE 26.1**
16 |                                     **DISCLOSURE STATEMENT**
17 |                     Plaintiffs,

18 |          vs.

19 | City of Mesa, et al.

20 |                     Defendants.

21 |_____

22         Defendants  Philip  and  Corrine  Brailsford  ("Brailsford"),  through

23 undersigned counsel and pursuant to FED R. CIV. P. 26(a)(l) and 26(a)(2), hereby

24 disclose the following information (supplemental information is in ***bold italics***).

25

26

**I** **THE NAME AND, IF KNOWN, THE ADDRESS AND TELEPHONE NUMBER OF EACH INDIVIDUAL LIKELY TO HAVE DISCOVERABLE INFORMATION RELEVANT TO DISPUTED FACTS ALLEGED WITH PARTICULARITY IN THE PLEADINGS, IDENTIFYING THE SUBJECTS OF THE INFORMATION:**

1. Laney Sweet
   c/o Plaintiffs' counsel

Plaintiff is expected to testify consistent with the allegations raised in the Amended Complaint regarding the events prior to, during, and after each subject incident; any statements given; information regarding her mental health; treatment and damages; and as to any other relevant and admissible matters.

2. Grady Shaver
   c/o Plaintiffs' counsel

Plaintiff is expected to testify consistent with the allegations raised in the Amended Complaint regarding the events prior to, during, and after each subject incident; any statements given; information regarding his mental health; treatment and damages; and as to any other relevant and admissible matters.

3. Norma Shaver
   c/o Plaintiffs' counsel

Plaintiff is expected to testify consistent with the allegations raised in the Amended Complaint regarding the events prior to, during, and after each subject incident; any statements given; information regarding her mental health; treatment and damages; and as to any other relevant and admissible matters.

4. Philip Brailsford
   c/o O'Connor & Campbell, PC

Defendant Brailsford is expected to testify regarding his knowledge and involvement in the events in this case.

5. Charles Langley
   c/o J. Belanger Law PLLC

Defendant Langley is expected to testify regarding his knowledge and involvement in the events in this case.

6. Brian Elmore,
c/o Wieneke Law Group, PLC
~~Struck Wieneke & Love PLC~~

Defendant Elmore is expected to testify regarding his knowledge and involvement in the events in this case.

7. Christopher Doane
c/o Wieneke Law Group, PLC
~~Struck Wieneke & Love PLC~~

Defendant Doane is expected to testify regarding his knowledge and involvement in the events in this case.

8. Richard Gomez
c/o Wieneke Law Group, PLC
~~Struck Wieneke & Love PLC~~

Defendant Gomez is expected to testify regarding her knowledge and involvement in the events in this case.

9. Bryan Cochran
c/o Wieneke Law Group, PLC
~~Struck Wieneke & Love PLC~~

Defendant Cochran is expected to testify regarding his knowledge and involvement in the events in this case.

10. Leticia Jimenez
c/o Jones, Skelton & Hochuli, PLC

11. Jeremy Johnson
c/o Jones, Skelton & Hochuli, PLC

12. Luis Nunez
3062 Los Arenales, Las Cruces, New Mexico

13. Monique Portillo
414 East 16th Street Apartment #414, Silver City, New Mexico

14. Alicia Rice
c/o Jones, Skelton & Hochuli, PLC

- 3 -

15. Steven Robinson
    2437 South Catarina, Mesa, Arizona

16. Linda Sauret
    1860 Dallons Drive, Paso Robles, California

17. Vincent Sauret
    1860 Dallons Drive, Paso Robles, California

18. E.S.
    c/o Plaintiffs' counsel

19. N.S.
    c/o Plaintiffs' counsel

20. Kevin Sweet
    1575 Timbercreek Drive, Stephenville, Texas

21. Crime Scene Technician Brakeman
    c/o Wieneke Law Group, PLC

22. Crime Scene Technician Kim Castaneda
    c/o Wieneke Law Group, PLC

23. Crime Scene Technician Jeanne Cybulski
    c/o Wieneke Law Group, PLC

24. Crime Scene Technician C. Gunsolley
    c/o Wieneke Law Group, PLC

25. Crime Scene Technician Thomas Hewson
    c/o Wieneke Law Group, PLC

26. Crime Scene Technician K. Kloss
    c/o Wieneke Law Group, PLC

27. Crime Scene Technician T. Kurtz
    c/o Wieneke Law Group, PLC

28. Crime Scene Technician Robyn Travsano
    c/o Wieneke Law Group, PLC

-4-

29. Detective J. Bocock
   c/o Wieneke Law Group, PLC

30. Detective Amundsen
   c/o Wieneke Law Group, PLC

31. Detective C. Barna
   c/o Wieneke Law Group, PLC

32. Detective L. Barrientos
   c/o Wieneke Law Group, PLC

33. Detective A. Johnson
   c/o Wieneke Law Group, PLC

34. Detective M. Rayburn
   c/o Wieneke Law Group, PLC

35. Detective Sipe
   c/o Wieneke Law Group, PLC

36. Officer Teri Gould
   c/o Wieneke Law Group, PLC

37. Officer A. Johnson
   c/o Wieneke Law Group, PLC

38. Officer Redden
   c/o Wieneke Law Group, PLC

39. Officer M. Sanford
   c/o Wieneke Law Group, PLC

40. Officer S. Sorenson
   c/o Wieneke Law Group, PLC

41. Officer S. Stevenson
   c/o Wieneke Law Group, PLC

42. Officer P. Swanson
   c/o Wieneke Law Group, PLC

- 5 -

43. Officer R. Worrell
c/o Wieneke Law Group, PLC

44. Sergeant J. Gomez
c/o Wieneke Law Group, PLC

45. Sergeant Charles Langley
c/o J. Belanger Law, PLLC

46. Sergeant N. Lien
c/o Wieneke Law Group, PLC

47. Master Sergeant M. Njaa
c/o Wieneke Law Group, PLC

48. Sergeant J. Reynolds
c/o Wieneke Law Group, PLC

49. Dwayne Hill
Interface System

50. Diane Michelin
ANI Networks

51. Gino Capozzi
Call Catchers, Inc. d/b/a Freedom Voice Systems

52. All individuals listed in any party's Disclosure Statement, Witness Lists and any supplements thereto.

53. All individuals referenced in any party's request for admissions, interrogatories, and requests for production of documents, and any supplements thereto, as well as responses to any discovery requests.

54. Defendants Brailsford will supplement the foregoing list as appropriate.

Defendants Brailsford incorporate all of the names, contact information, and summaries included in the City Defendants' Sixth Supplemental Disclosure Statement dated December 4, 2018.

II. **A COPY OF, OR A DESCRIPTION BY CATEGORY AND LOCATION OF, ALL DOCUMENTS, DATA COMPILATIONS, AND TANGIBLE THINGS IN THE POSSESSION, CUSTODY, OR CONTROL OF THE PARTY THAT ARE RELEVANT TO DISPUTED FACTS ALLEGED WITH PARTICULARITY IN THE PLEADINGS: (Unless otherwise noted, copies of the below listed documents are attached hereto)**

1. 911 Calls, tracks 1 and 2 (produced by Plaintiff Sweet as PL SWEET000001 and PL SWEET000004),

2. Radio Traffic, tracks 1 and 2 (produced by Plaintiff Sweet as PL SWEET000003 and PL SWEET000006),

3. Departmental Report 2016-0180586 (produced by LQ Management as MESAPD 00001- MESAPD 00291),

4. Officer Brailsford REDACTED Body Cam (produced by Plaintiff Sweet as PL SWEET000022),

5. Officer Doane's REDACTED Body Cam (produced by Plaintiff Sweet as PL SWEET000023),

6. Audio Interview of Alicia Rice (produced by City of Mesa as COM_000383; LQ Management as MESAPC 000814; Sweet as PL SWEET000027),

7. Audio Interview of Edward Reyes (produced by LQ Management as MESAPD 000816; Sweet as PL SWEET000037),

8. Audio Interview of Jeremy Johnson (produced by LQ Management as MESAPD 000813; Sweet as PL SWEET000028),

9. Audio Interview of Leticia Jimenez (produced by LQ Management as MESAPD 000812; Sweet as PL SWEET000030),

10. Audio Interview of Luis Nunez (produced by LA Management as MESAPD 000811; Sweet as PL SWEET000031),

11. Audio Interview of Monique Portillo (produced by LA Management as MESAPD 000810; Sweet as PL SWEET000024),

12. Audio Follow-Up Interview of Monique Portillo (produced by LQ Management as MESAPD 000820; Sweet as PL SWEET000036),

13. Audio Interview of Kevin Sweet (produced by LQ Management as MESAPD 000821; Sweet as PL SWEET000034),

14. Audio Interview of Laney Sweet (produced by LQ Management as MESAPD 000818; Sweet as PL SWEET000033),

15. Audio Interview of Grady Shaver (produced by LQ Management as MESAPD 000819; Sweet as PL SWEET000032),

16. Audio Interview of Lance Shaver (produced by LQ Management as MESAPD 000822; Sweet as PL SWEET000029),

17. Audio Interview of Steve Robinson (produced by LQ Management as MESAPD 000817; Sweet as PL SWEET000035),

18. Audio Interview of Vincent and Linda Sauret (produced by LQ Management as MESAPD 00015; Sweet as PL SWEET000026),

19. La Quinta Inn and Suites Cameras 1 through 3 (produced by LQ Management as LQ 000059-61; Sweet as PL SWEET 000009-11),

20. City of Mesa Police Department's scene photographs (produced by LQ Management as MESAPD 000331-792; Sweet as PL SWEET000148-000752),

21. Unredacted AXON Body Cam of Officer Doane and Brailsford (produced with Defendants' Supplemental Response to Plaintiff's Request for Production to City of Mesa),

22. Audio Dispatch (produced by Plaintiff Sweet with their Initial Disclosure Statement as PL SWEET000002, PL SWEET000005, PL SWEET000007, PL SWEET000008),

23. CAD History Printout for Event Number 20160180568 (produced by City of Mesa as COM_000001-19),

24. CAD History for Officer Brailsford on January 18, 2016 (produced by City of Mesa as COM_000020-23),

25. CAD History for Officer Cochran on January 18, 2016 (produced by City of Mesa as COM_000024-25),

26. CAD History for Officer Elmore on January 18, 2016 (produced by City of Mesa as COM_000026-27),

27. CAD History for Officer Gomez on January 18, 2016 (produced by City of Mesa as COM_000028-30),

28. CAD History for Officers Henderson and Doane on January 18, 2016 (produced by City of Mesa as COM_000031-36),

29. CAD History for Sergeant Langley on January 18, 2016 (produced by City of Mesa as COM_000037-40),

30. CAD History for Officer Redden on January 18, 2016 (produced by City of Mesa as COM_000041-44),

31. Scene Diagram prepared by Detective M. Rayburn (produced by City of Mesa as COM_000045-46)

32. Scene Diagram with measurements prepared by Detective M. Rayburn (produced by City of Mesa as COM_000047-51),

33. CD containing City of Mesa panoramic photos and firearms photos (produced by City of Mesa as COM_000052),

34. CD containing City of Mesa scene photos (produced by City of Mesa as COM_000053; G1J2B5PR; G1J44291-G1J44562; G1JF7047-G1JF7180; G1JT5515-G1JT5562; G1K1K5PT-G1K1K5PZ; G1K1K5Q0-G1K1K5Q6; and G1UF8686-GIUF8757),

35. Documents received from ANI Network in response to Defendants' Subpoena Duces Tecum (produced by City of Mesa as COM_000054-56),

36. Documents received from Call Catchers in response to Defendants' Subpoena Duces Tecum; the excel spreadsheet password is: Piasecki (produced by City of Mesa as COM_000057-58),

37. Objection letter received from Google in response to Defendants' Subpoena Duces Tecum for YouTube records (produced by City of Mesa as COM_000059-61),

38. Transcript of Alicia Rice interview (produced by City of Mesa as COM_000062-67; audio produced by Sweet as PL SWEET000027),

39. Transcript of Edward Reyes interview (produced by City of Mesa as COM_000068-72; audio produced by Sweet as PL SWEET000037)

40. Transcript of Jeremy Johnson interview (produced by City of Mesa as COM_000073-79; audio produced by Sweet as PL SWEET000028),

41. Transcript of Leticia Jimenez interview (produced by City of Mesa as COM_000080-95; audio produced by Sweet as PL SWEET000030),

42. Transcript of Luis Nunez interview (produced by City of Mesa as COM_000096-111; audio produced by Sweet as PL SWEET000031),

43. Transcript of Monique Portillo interview (produced by City of Mesa as COM_000112-122; audio produced by Sweet as PL SWEET000024),

44. Transcript of Monique Portillo's follow up interview (produced by City of Mesa as COM_000123-129; audio produced by Sweet as PL SWEET000036),

45. Transcript of Kevin Sweet interview (produced by City of Mesa as COM_000130-147; audio produced by Sweet as PL SWEET000034),

46. Transcript of Laney Sweet interview (produced by City of Mesa as COM_000148-165; audio produced by Sweet as PL SWEET000033),

47. Transcript of Grady Shaver interview (produced by City of Mesa as COM_000166-185; audio produced by Sweet as PL SWEET000032),

48. Transcript of Lance Shaver interview (produced by City of Mesa as COM_000186-192; audio produced by Sweet as PL SWEET000029),

49. Transcript of Steve Robinson interview (produced by City of Mesa as COM_000193-200; audio produced by Sweet as PL SWEET000035),

50. Transcript of Vincent and Linda Sauret's interview (produced by City of Mesa as COM_000201-208; audio produced by Sweet as PL SWEET000026),

51. Transcript of Jeremy Johnson's 911 call, part 1 (produced by City of Mesa as COM_000209-213; audio produced Sweet as PL SWEET000001),

52. Transcript of Jeremy Johnson's 911 call, part 2 (produced by City of Mesa as COM_000214-218; audio produced Sweet as PL SWEET000004),

53. Transcript of Radio Transmission, track 1 (produced by City of Mesa as COM_000219-220; audio produced by Sweet as PL SWEET000003),

54. Transcript of Radio Transmission, track 2 (produced by City of Mesa as COM_000221-239; audio produced by Sweet as PL SWEET000006),

55. Documents received from Christy Carlson in response to Defendants' Subpoena Duces Tecum (produced by Sweet as CC000001-41)

***56. Report with attachments from Michael G. Schott dated November 12, 2018 (Brailsford-Schott0001-0021)***

***57. Report with attachments from Emanuel Kapelsohn dated January 17, 2019 (Brailsford-Kapelsohn001-094)***

56. All interrogatories propounded in this action and answers thereto.

57. All requests for admissions propounded in this action and responses thereto.

58. All documents provided in response to requests for production of documents.

59. All documents provided in response to subpoena requests.

60. All documents provided in response to public records requests.

61. All depositions taken in this case and exhibits thereto.

11

62. All pleadings and records on file in this case.

63. All exhibits listed by any other party.

64. All expert's reports and files.

Defendants Brailsford may rely on the information and exhibits included in the City Defendants' Sixth Supplemental Disclosure Statement dated December 4, 2018.

**III.** **A COMPUTATION OF ANY CATEGORY OF DAMAGES CLAIMED BY THE DISCLOSING PARTY MAKING AVAILABLE FOR INSPECTION AND COPYING AS UNDER RULE 34 THE DOCUMENTS OR OTHER EVIDENTIARY MATERIAL NOT PRIVILEGED OR PROTECTED FROM DISCLOSURE ON WHICH SUCH COMPUTATION IS BASED INCLUDING MATERIALS BEARING ON THE NATURE AND EXTENT OF INJURIES SUFFERED:**

Defendants Brailsford are not seeking damages other than costs incurred in defending this action.

**IV.** **THE IDENTITY OF ANY PERSON WHO MAY BE USED AT TRIAL TO PRESENT EVIDENCE UNDER RULES 702, 703 OR 705 OF THE FEDERAL RULES OF EVIDENCE:**

Defendants Brailsford will supplement with names and opinions as discovery proceeds.

**V.** **EXPERTS:**

1. Emanuel Kapelsohn
1771 Creekview Drive
Fogelsville, PA  18051

Mr. Kapelsohn is a use of force expert, and he testified on Mr. Brailsford's behalf during his criminal trial. Mr. Kapelsohn will testify Brailsford's relevant conduct was objectively reasonable and within the standard of a reasonable officer. It is anticipated Mr. Kapelsohn will testify consistently with his trial testimony and forthcoming expert report, ***dated January 17, 2019.*** ~~***which will be provided on or before January 15, 2018.***~~

2. Michael G. Schott
PO Box 387
Fort Jones, CA 96032

Mr. Schott is a forensic image analyst, and he testified on Mr. Brailsford's behalf during his criminal trial. Mr. Schott will testify through use of forensic video analysis Brailsford's relevant conduct was objectively reasonable and within the standard of a reasonable officer. It is anticipated Mr. Schott will testify consistently with his trial testimony and forthcoming expert report, ***dated November 12, 2018.*** ~~which will be provided on or before January 15, 2018.~~

**Note: Defendants Brailsford may use at trial any witness, expert or item of evidence disclosed by any party to this action subject to and without waiving any trial objections these Defendants may have regarding the same. This notice is to advise all parties that these Defendants will not duplicate other parties' disclosures but may at the time of trial rely upon evidence, witnesses, experts and opinions of experts as if fully disclosed by these Defendants without the necessity of duplicating other parties' disclosure statements and attachments "thereto"; this includes any witness, expert, expert opinions or items of evidence which are subsequently de-listed by the party initially disclosing the same**

Dated: January 18, 2019.

**O'CONNOR & CAMPBELL, P.C.**

By: */s/ Justin D. Holm*
Daniel J. O'Connor, Jr.
Justin D. Holm
*Attorneys for Defendants*
*Philip and Corrine Brailsford*

| | |
|---|---|
| 1 | **COPY** emailed January 18, 2019 to: |
| 2 | |

| | | |
|---|---|---|
| 2 | William A. Richards | Mark J. Geragos |
| 3 | Alan S. Baskin | Benjamin J. Meiselas |
| | BASKIN RICHARDS, PLC | GERAGOS & GERAGOS, PC |
| 4 | 2901 N. Central Avenue, Suite 1150 | 644 S. Figueroa Street |
| 5 | Phoenix, AZ 85012 | Los Angeles, CA 90017 |
| | brichards@baskinrichards.com | mark@geragos.com |
| 6 | alan@baskinrichards.com | meiselas@geragos.com |
| 7 | *Attorneys for Plaintiff Laney Sweet,* | *Attorneys for Plaintiff Laney Sweet, an* |
| | *an individual, on her own behalf and* | *individual, on her own behalf and as* |
| 8 | *as guardian of Plaintiffs E.S. and* | *guardian of Plaintiffs E.S. and N.S., and* |
| | *N.S., and as representative of the* | *as representative of the Plaintiff Estate* |
| 9 | *Plaintiff Estate of Daniel Shaver* | *of Daniel Shaver* |
| 10 | | |
| | Sven K. Budge | Kathleen L. Wieneke |
| 11 | BUDGE LAW FIRM, PLLC | Christina Retts |
| 12 | 1134 E. University Drive, Suite 121 | WIENEKE LAW GROUP, PLC |
| | Mesa, AZ 85203 | 1095 W. Rio Salado Parkway, Suite 209 |
| 13 | sbudge@budgelawfirm.com | Tempe, AZ 85281 |
| | *Attorney for Plaintiffs Grady and* | kwieneke@wienekelawgroup.com |
| 14 | *Norma Shaver* | cretts@wienekelawgroup.com |
| 15 | | *Attorneys for Defendants City of Mesa,* |
| | | *Brian Elmore, Christopher Doane, Bryan* |
| 16 | | *Cochran, and Richard Gomez* |
| 17 | | |
| | James J. Belanger | Spencer G. Scharff |
| 18 | J. BELANGER LAW, PLLC | SCHARFF, PLC |
| | P.O. Box 447 | 502 W. Roosevelt Street |
| 19 | Tempe, AZ 85280 | Phoenix, AZ 85003 |
| 20 | jjb@jbelangerlaw.com | spencer@scharffplc.com |
| | *Attorney for Defendant* | *Attorney for Defendant* |
| 21 | *Charles Langley* | *Charles Langley* |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |

Case 2:19-bk-00802-BKM    Doc 50    Filed 12/13/19    Entered 12/13/19 14:50:57    Desc
Main Document    Page 33 of 34

1   Mark D. Zukowski
2   Jonathan P. Barnes
    David C. Potts
3   JONES, SKELTON & HOCHULI, PLC
    40 North Central Avenue, Suite 2700
4   Phoenix, AZ 85004
5   mzukowski@jshfirm.com
    jbarnes@jshfirm.com
6   dpotts@jshfirm.com
    *Attorneys for Defendant*
7   *LQ Management, LLC*

8
    By: /s/ Amanda Bennett
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26