William A. Richards #013381
Alan S. Baskin #013155
Shayna G. Stuart #034819
**BASKIN RICHARDS PLC**
2901 N. Central Avenue, Suite 1150
Phoenix, Arizona 85012
Telephone No. 602-812-7979
Facsímile No. 602-595-7800
E-mail: brichards@baskinrichards.com
      alan@baskinrichards.com
      sstuart@baskinrichards.com
*Attorneys for Creditor Laney Sweet, an individual,
on her own behalf and as guardian of E.S. and N.S.,
and as representative of the Estate of Daniel Shaver*

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>Philip Mitchell Brailsford<br>Corinne Elizabeth Brailsford<br><br>                Debtors. | In Proceedings Under Chapter 7<br><br>Case No. 2:19-bk-00802-BKM<br><br>Adversary Proceeding No.: 2:19-AP-00171-BKM<br><br>**THE SWEET PLAINTIFFS' RESPONSE TO BRIEF ON ABSTENTION** |

Plaintiffs/Creditors Laney Sweet, for herself and as personal representative of the Estate of her late husband, Daniel Shaver, and as guardian of her minor children, N.S. and E.S. (collectively, the "Sweet Plaintiffs") respectfully submit that this Court is correct to interpret the pending motion for stay relief as a request to invoke the Court's authority to stay and abstain from conducting any further proceedings in Adversary Proceeding No. 2:19-AP-00171-BKM (the "Adversary Proceeding"). As the Sweet Plaintiffs filed The Sweet Plaintiffs' Motion for Withdrawal of the Reference of Adversary Proceeding to Allow Claims to Proceed in District Court Case No. CV-17-00152-PHX-GMS ("Motion for Withdrawal") earlier this same day, the Bankruptcy Court has *sua sponte* powers to stay any further activity in the Adversary

Proceeding until Judge Snow of the District Court has resolved the Motion for Withdrawal of the Reference. If the District Court grants that motion, the claims of the Sweet Plaintiffs that are the subject of the dischargeability issues in the Adversary Proceeding will proceed to final resolution, including through trial, before the District Court in Case No. CV-17-00152-PHX-GMS (the "District Court Lawsuit"), and the Bankruptcy Court would continue the stay of the Adversary Proceeding until final adjudication in the District Court ripens the dischargeability issues for further consideration by this Bankruptcy Court. If the District Court denies the Motion for Withdrawal of the Reference, then the Court may reopen proceedings in the Adversary Proceeding to address how such matters may be resolved by this Court. The failure to grant a stay will manifest all of the judicial inefficiency, unnecessary duplication of judicial effort and party expense, risks of inconsistent rulings, and unjustified confusion and argument over how this Court might administer remaining discovery, pre-trial motions and other pre-trial proceedings for a personal injury-based jury trial this Court has no jurisdiction to hold. So, the Court should exercise its inherent powers to stay the proceedings and abstain until further decision by the District Court.

## I. The Pending Motion to Withdraw the Reference.

The Sweet Plaintiffs hereby incorporate all facts and analysis in their recently filed Motion for Withdrawal. The sum of that analysis establishes that the adjudication and liquidation of the willful and malicious injury variants of the wrongful death and constitutional tort (Section 1983) claims that are the subject to the Sweet Plaintiffs' non-dischargeability arguments in the Adversary Proceeding involve: 1) non-core proceedings; 2) which must be withdrawn per 28 U.S.C. § 157(b)(5) because the Bankruptcy Court may not adjudicate such personal injury and wrongful death claims for which the Sweet Plaintiffs are entitled to a jury trial; and 3) which must also be withdrawn per the mandatory withdrawal terms of 28 U.S.C. § 157(d) because the Section 1983 claims require the Court to assess and analyze complex questions of non-bankruptcy federal law involving a variety of civil rights violations and corresponding qualified immunity defenses. The Motion for Withdrawal further explains why, even if the withdrawal were not mandatory, substantial and compelling cause exists to order

withdrawal of the adjudication and liquidation issues under 28 U.S.C. § 157(d). It establishes the judicial efficiency, avoidance of wasteful and unnecessarily confusing duplicative proceedings, promotion of judicial certainty and avoidance of inconsistent outcomes, and efficient and timely resolution of the Sweet Plaintiffs' claims and the defenses of Debtor Defendants Philip Mitchell Brailsford and Corrine Brailsford (the "Debtor Defendants") that will be achieved by allowing the willful and malicious injury variants of the Sweet Plaintiffs' wrongful death and Section 1983 claims against the Debtor Defendants to be joined for trial in the District Court Lawsuit with the Sweet Plaintiffs' overlapping non-willful and malicious variants of those same claims that are currently pending there[1], and with their factually and legally overlapping claims in that lawsuit against the City of Mesa and five other police officer colleagues of Debtor Defendant Philip Mitchell Brailsford who were also involved in the shooting death of Daniel Shaver.

Especially critical to the Bankruptcy Court's analysis of the stay/abstention issue is the explanation provided in the Motion for Withdrawal of the Debtor Defendants' substantial participation in disclosure and discovery regarding the Sweet Plaintiffs' claims against them before they filed their bankruptcy proceeding, which included even completed disclosure of expert reports, as well as their participation in dispositive motion briefing early in the case, and their attendance through counsel at the depositions of all the other individual defendants and their experts conducted in just the last two months. [*See* Doc. 50 (Motion for Withdrawal) at 2-3, 5-6]. The Debtor Defendants have taken affirmative positions factually, legally and procedurally in response to the Sweet Plaintiffs' claims, have participated meaningfully already in discovery, and have had the added benefit of observing the parties' fulsome briefing and the District Court's rulings on the other Defendants' summary judgment motions. [*See id.* at 5-6, 12-14,15-17]. Reinserting the Debtor Defendants into the existing District Court proceedings –

---

[1] As briefed previously to this Court, and in the Motion for Withdrawal, despite this Court's discharge order and the resulting injunction, the Sweet Plaintiffs are entitled to pursue the non-willful and malicious variants of their wrongful death and Section 1983 claims against the Debtor Defendants in the District Court Lawsuit solely for the purpose of enforcing such claims against insurers or indemnitors of the Debtor Defendants, like the City of Mesa and its insurers. [*See* Motion for Withdrawal [Doc. 50 at 3-4].

even if the Debtor Defendants justify some additional discovery and/or dispositive motion practice for just themselves – would not be difficult. Judge Snow is intimately familiar with the precise facts, testimony and exhibits that underlie the claims against the Debtor Defendants, and has made many substantive and discovery rulings arising from those matters and relating to the Sweet Plaintiffs' overlapping claims against others. [*See, e.g.,* District Court Lawsuit Doc. 137 (pre-bankruptcy Order resolving motions to dismiss, including Debtor Defendants' motions to dismiss);Doc. 171 (pre-bankruptcy Order addressing Defendant Langley motion to stay discovery); Doc. 337 (Order resolving multiple motions for summary judgment and motion for stay of proceedings due to Debtor Defendants' bankruptcy proceeding)]. Allowing the Debtor Defendants at this late stage to try and claw back or reinvent their positions, to seek discovery that Judge Snow has ruled the other similarly-situated Defendants were not entitled to, or to urge legal arguments that Judge Snow has already rejected in the context of identically-situated co-defendants smacks grossly of forum shopping. At a minimum it is wasteful, duplicative and risks inconsistent outcomes on identical issues; and at worst it allows the Debtor Defendants to use the bankruptcy courts to obtain an unfair "second bite at the apple", with a new judge, on multiple discovery and substantive issues. The latter prospect threatens the foundations of due process owed to the Sweet Plaintiffs.

Given the positions set out in the Motion for Withdrawal, the Sweet Plaintiffs are highly likely to succeed on having the reference of the adjudication and liquidation of the claims subject to their Adversary Proceeding withdrawn and tried by the District Court. That means that the need to ensure judicial efficiency, avoid waste and inconsistent rulings, discourage forum shopping, and lay the procedural and substantive issues back with the District Court judge who has already invested so much time and expertise in managing them provide compelling reasons for this Court to stay any further proceedings on the Adversary Proceeding until, at a minimum, the District Court rules on the Motion for Withdrawal. The law governing the Bankruptcy Court's authorities allow that sort of efficient, protective action.

## II. The Bankruptcy Court has the Authority – Even *Sua Sponte* Authority – to Stay All Matters in the Adversary Proceeding.

The Sweet Plaintiffs advocate that the Court should enter an order staying the Adversary Proceeding pending the decision on the Motion for Withdrawal and abstaining from any further proceedings in that case until the withdrawal issue has been decided. The federal bankruptcy rules expressly imbue the Bankruptcy Court with stay powers in this circumstance. Rule 5011(c), Fed.R.Bankr.P. expressly provides that the bankruptcy courts shall not stay the administration of any proceeding before the bankruptcy judge just because a motion for withdrawal of the reference is filed, but then states "***except that the bankruptcy judge may stay, on such terms and conditions as are proper, proceedings pending disposition of the motion***." (emphasis added). Relevant precedent affirms that bankruptcy courts are authorized to and do invoke stays under just such circumstances where motion for withdrawal of the reference are pending. *See, e.g., Miller v. Vigilant Ins. Co. (In re Eagle Enters.)*, 259 B.R. 83, 88-89 (Bankr. E.D. Pa. 2001); *Sharp v. SKPM Corp. (In re SK Foods, Ltd. P'ship)*, No. S-11-2369 LKK, 2011 U.S. Dist. LEXIS 103850, at *3 (E.D. Cal. Sep. 14, 2011) (indicating Bankruptcy Court granted stay of all proceedings in adversary proceeding pending the outcome of a motion to withdraw the reference, except for a single, pending Order to Show Cause matter); *see also, USACM Liquidating Tr. v. Compass USA SPE, LLC (In re USA Commer. Mortg. Co.)*, No. 2:14-cv-00455-RCJ-PAL, 2014 U.S. Dist. LEXIS 72663, at *8 (D. Nev. May 28, 2014) ("The Court will therefore grant the motion to withdraw the reference and stay the case pending the outcome of the interpleader action.")

The stay power is discretionary, and is generally guided by Rule 5011(c), Fed.R.Bankr.P. *Fort v. Cilwa (In re Cilwa)*, Nos. 15-00263-HB, 15-80172-HB, 2016 Bankr. LEXIS 1817, at *11-12 (Bankr. D.S.C. Apr. 15, 2016); *In re City of Detroit, Mich.*, 498 B.R. 776, 781 (Bankr. E.D. Mich. 2013). However, under Rule 5011(c), when a motion for withdrawal of the reference has been filed, the Bankruptcy Court is authorized to consider whether to stay the adversary proceeding *sua sponte*. *In re Cliwa*, 2016 Bankr. LEXIS 1817, at *11-12 ("Although [movant] has not filed a motion to stay this adversary proceeding pending the outcome of his motion for withdrawal of the reference in District Court, the Court may

consider *sua sponte* whether to stay this proceeding.") After all, "[a] court's power to stay proceedings 'is incidental to the power inherent in every court to control the disposition of causes on its docket with economy of time and effort for itself, for counsel and for litigants' . . . [and] [s]everal courts have recognized that the power to stay may be invoked by the court *sua sponte*." *In re Pittsburgh Corning Corp.*, C/A No. 03-35592 JKF, 2012 U.S. Dist. LEXIS 86193, 2012 WL 2368388, at *3 (W.D. Pa. June 21, 2012) (citations omitted)).

The Court's inherent powers to control the disposition of causes on its docket with economy therefore allow the Court to consider the pending motion for stay relief to invoke a request that the Bankruptcy Court stay active proceedings in the Adversary Proceeding, or to simply *sua sponte* consider whether and how the Adversary Proceeding should be stayed pending the decision on the Motion for Withdrawal.

### III. The Facts Here Meet All the Factors That Compel a Stay Under Rule 5011(c) Considerations.

"When determining whether an adversary proceeding should be stayed, the Court considers the following: (1) the likelihood that the pending motion to withdraw will be granted (i.e. likelihood of success on the merits); (2) that the movant will suffer irreparable harm if the stay is denied; (3) that the non-movants will not be substantially harmed by the stay; and (4) the public interest will be served by granting the stay." *Fort v. Cilwa (In re Cilwa)*, 2016 Bankr. LEXIS 1817, at *11-12 (citing *The Antioch Co.*, 435 B.R. at 497; *In re City of Detroit, Mich.*, 498 B.R. 776, 780 (Bankr. E.D. Mich. 2013) (analyzing the same factors). These discretionary factors all may present different or individually compelling reasons in a particular case. For example, the Bankruptcy Court in *Miller,* 259 B.R. at 88-89 was particularly encouraged to grant a stay because the withdrawal, which appeared to be mandatory, seemed very likely to occur, and because without a stay the party seeking withdrawal "would suffer harm in the form of duplicative costs of litigating in this Court" and another, and the trustee and other party in the adversary proceeding would sustain minimal harm by a stay as they would try the case in either forum, and the trustee "has retained counsel for each action."

The circumstances in *Miller* track well the circumstances here. The Motion for Withdrawal presents a compelling argument for mandatory withdrawal, and an equally compelling secondary argument for discretionary withdrawal. It is very likely that the withdrawal will be granted. Moreover, even if it were not granted, under the law that allows the Sweet Plaintiffs to pursue the discharged variants of their claims against the Debtor Defendants in the District Court Lawsuit to enforce them against the Debtor Defendants' insurers or indemnitors, substantially similar versions of the claims impacted by the Adversary Proceeding will be tried in the District Court anyway, with Debtor Defendant Philip Mitchell Brailsford as the central witness. He and his wife already have separate counsel in that action, who have continued to represent them, including by attending all the recent depositions over three weeks in October, 2019. The Debtor Defendants were active participants in the District Court Lawsuit for well over a year before they filed for bankruptcy, they retained and filed reports for experts, and they served and responded to discovery. They have a formal indemnification agreement from the City of Mesa for any liability they incur in that action, and they would have little justification for extensive discovery. Judge Snow has indicated in his Order on August 2, 2019, at page 6 that if the parties agree that the bankruptcy proceedings of the Brailsfords have terminated, they may conduct discovery regarding the claims against Debtor Defendants, and that the parties "may additionally move for summary judgment as to issues pertaining to him [Philip Mitchell Brailsford]." [District Court Lawsuit Doc.337, at 6]. Though the parties would have to agree on precisely the timing for that final discovery and summary judgment practice, the District Court has indicated its willingness to fold it right back into the pending case. And, that case is still not completely set for trial because there remains a final deadline of February 7, 2020 for some limited, final dispositive argument briefing under the District court's orders. [*See* District Court Lawsuit Doc. 372]. There would be no trouble completing any remaining procedural steps to which the Debtor Defendants would be entitled under the Federal Rules of Civil Procedure after the ruling on the Motion for Withdrawal, and it makes no sense to try and wedge such matters onto this Court's plate when Judge Snow has repeatedly dealt with those same discovery issues, scheduling deadlines, and substantive

summary judgment motions on highly overlapping claims already. A stay of the Adversary Proceeding places no burden at all on the Debtor Defendants. Rather, it actually expedites things for them by putting them back where they started before a judge intimately familiar with the facts, claims, and discovery disputes in that matter.

On the other hand, to force the Sweet Plaintiffs to bifurcate the variants of their claims against the Debtor Defendants and proceed toward trial on them in two different courts, and to allow the Debtor Defendants to try and reinvent their positions, seek discovery that Judge Snow has definitively disallowed, and assert substantive arguments that have failed to persuade Judge Snow when coming from the Debtor Defendants and their similarly situated co-defendants in the District Court Lawsuit, wreaks havoc and prejudice on the Sweet Plaintiffs. It takes a simple, streamlined, nearly finished process in which they have invested incredible time and effort and rips it into highly unmanageable and duplicative pieces with the risk now of completely inconsistent rulings and outcomes. Given that sort of one-sided balance of prejudicial concerns, this Court, like the Court in *Miller*, should exercise its discretion to stay all matters in the Adversary Proceeding until, at a minimum, Judge Snow has ruled on the pending Motion for Withdrawal.

The final piece of the stay puzzle is the public interest. There can be no question that given our over-burdened courts, and the need for as much efficiency and consistency as possible to cement the public trust in the federal judicial institutions, the Court must grant a stay. To allow parallel, overlapping, and likely inconsistent and unnecessarily duplicative and expensive pre-trial proceedings to go forward on the Adversary Proceeding could only undermine both the real and perceived efficiency and reliability of the courts in this instance. Again, a stay is critical for many reasons, and presents no downsides.

**IV. Conclusion.**

The Bankruptcy Court has authority under Rule 5011(c), Fed.R.Bankr.P., and stemming from its inherent authority to control its own docket in the interests of efficiency, economy and justice, to issue a stay of all matters in the Adversary Proceeding pending the outcome of the District Court's consideration of the pending Motion for Withdrawal. All of the factors that the

Court may properly consider in exercising such discretion compel a stay here. The Court should therefore immediately grant a stay of all proceedings in the Adversary Proceeding pending the ruling by Judge Snow on the Motion for Withdrawal. The Court may order the Sweet Plaintiffs to promptly advise this Court of Judge Snow's ruling, and further provide that the Sweet Plaintiffs a/or the Debtor Defendants shall meet and confer within ten (10) days of that notification concerning further orders of this Court that may be appropriate concerning the Adversary Proceeding, and within another ten (10) days thereafter provide any further motion(s) or stipulations advising the Court of the actions such parties request the Court take given the ruling of the District Court.

RESPECTFULLY SUBMITTED this 13th of December, 2019.

BASKIN RICHARDS PLC

/s/ William A. Richards
William A. Richards
Alan S. Baskin
Shayna G. Stuart
2901 N. Central Avenue, Suite 1150
Phoenix, AZ 85012

# CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing to:

Nathan A. Finch
Catalyst Legal Group PLLC
1820 E. Ray Rd.
Chandler, AZ 85225
*Attorneys for Debtor Defendants Philip Mitchell Brailsford*
*and Corinne Brailsford*

John Worth
Forrester & Worth, PLLC
2800 N. Central Ave., Suite 1200
Phoenix, AZ 85004
*Attorneys for Brailsfords Philip Mitchell Brailsford*
*and Corinne Brailsford*

U.S. Trustee
Office of the U.S. Trustee
230 North First Avenue, Suite 204
Phoenix, AZ 85003


/s/ Cristina McDonald